Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Roy Garcia, State Bar No. 302703
E-Mail: rgarcia@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DEPUTY YEN LIU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADRIAN ABELAR,<br><br>         Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY YEN LIU, individually and as a peace officer, DOES 1-10,<br><br>         Defendants. | No. 2:23-cv-01606 RGK(MRWx)<br><br>**DEFENDANT DEPUTY YEN LIU'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>[Assigned to Hon. R. Gary Klausner – Courtroom 850] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant DEPUTY YEN LIU for herself alone and for no other persons, entities, firms or corporations, answer Plaintiff's Complaint as follows:

## JURISDICTION

1.   In answer to paragraph 1, Defendant acknowledges Plaintiff is bringing this action pursuant to alleged deprivations of constitutional rights protected by 42 U.S.C. §§ 1983 *et seq.*, and the Fourth and Fourteenth Amendments of the United States Constitution. Defendant admits jurisdiction is proper in federal court.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.   In answer to paragraph 2, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in said paragraph.

3. In answer to paragraph 3, answering Defendant admits that DEPUTY YEN LIU was employed by the County of Los Angeles at all relevant times and assigned to Temple Sheriff's Station. As to the remainder of the allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis, Defendant denies each and every allegation against Defendant contained therein. Defendant is also without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein.

4. In answer to paragraph 4, Defendant admits that the County of Los Angeles is and was at all relevant times mentioned in the Complaint a public entity duly organized under the laws of the State of California, and denies each and every allegation that the Los Angeles County Sheriff's Department has any existence independent, separate, or apart from the County of Los Angeles. As to the remaining allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

5. In answer to paragraph 5, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein.

6. In answer to paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

7. In answer to paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF CONSTITUTIONAL RIGHTS - UNREASONABLE SEARCHES & SEIZURES, UNREASONABLE FORCE, FALSE IMPRISONMENT, DUE PROCESS DEPRIVATIONS, AND CONSPIRACY - 42 U.S.C. § 1983)**

**(By Plaintiff Against All Individual Defendants)**

8. In answer to paragraph 8, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

9. In answer to paragraph 9, Defendant acknowledges Plaintiff is bringing this action pursuant to alleged deprivations of constitutional rights protected by 42 U.S.C. §§ 1983 *et seq.*, and the Fourth and Fourteenth Amendments of the United States Constitution. As to the remaining allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. In answer to paragraph 10, Defendant acknowledges Plaintiff is bringing this action pursuant to alleged deprivations of constitutional rights protected by 42 U.S.C. §§ 1983 *et seq.*, and the Fourth and Fourteenth Amendments of the United

States Constitution. As to the remaining allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In answer to paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

12. In answer to paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

13. In answer to paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

14. In answer to paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

15. In answer to paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

16. In answer to paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

## SECOND CAUSE OF ACTION

## (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)

### (By Plaintiff Against Defendants County & LASD)

17. In answer to paragraph 17, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

18. In answer to paragraph 18, Defendant admits that the County of Los Angeles is and was at all relevant times mentioned in the Complaint a public entity duly organized under the laws of the State of California, and denies each and every allegation that the Los Angeles County Sheriff's Department has any existence independent, separate, or apart from the County of Los Angeles. As to the remaining allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

19. In answer to paragraph 19, Defendant acknowledges Plaintiff is bringing this action pursuant to alleged deprivations of constitutional rights protected by 42

U.S.C. §§ 1983 *et seq.*, and the Fourth and Fourteenth Amendments of the United States Constitution. As to the remaining allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

20. In answer to paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

21. In answer to paragraph 21, inclusive of subparagraphs (1) through (13), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

22. In answer to paragraph 22, Defendant acknowledges Plaintiff is bringing this action pursuant to alleged deprivations of constitutional rights protected by 42 U.S.C. §§ 1983 *et seq.*, and the Fourth and Fourteenth Amendments of the United States Constitution. As to the remaining allegations contained in said paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Moreover, Plaintiff's allegations in said paragraph

are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

## THIRD CAUSE OF ACTION
## (FAILURE TO TRAIN AND SUPERVISE)
**(By Plaintiff Against Defendants, DOES 1-10 in their individual capacities)**

23. In answer to paragraph 23, which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

24. In answer to paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

25. In answer to paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

26. In answer to paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have

not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

27. In answer to paragraph 27, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

28. In answer to paragraph 28, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation in said paragraph.

29. In answer to paragraph 29, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE Defendants, given that the DOE Defendants have not yet been identified, and on that basis denies each and every allegation against the DOE Defendants contained therein. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every allegation

in said paragraph.

## PRAYER

In answer to plaintiffs' Prayer, inclusive of paragraphs 1 through 6, this answering Defendant denies generally and specifically each and every allegation contained therein as it refers to this answering Defendant, and further denies that Plaintiff is entitled to an award of damages, punitive or exemplary damages, interest, costs of suit, or reasonable attorney's fees, or any other form of relief as requested in the Complaint as a result of any acts or omissions by this answering Defendant. Moreover, Plaintiff's allegations in said paragraph are overbroad, vague and ambiguous and thus Defendant is unable to admit or deny the allegations and on that basis Defendant denies each and every remaining allegation in said paragraph. Defendant is also without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to the DOE defendants, given that the DOE defendants have not yet been identified, and on that basis denies each and every allegation against the DOE defendants contained therein.

## AFFIRMATIVE DEFENSES

As for her separate affirmative defenses, answering Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims against answering Defendant are barred, as answering Defendant has qualified immunity from the allegations set forth in Plaintiff's Complaint.

///

### THIRD AFFIRMATIVE DEFENSE

3. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred on the ground that answering Defendant was not the cause of any alleged damage, injury, or loss to Plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's Complaint, and each and every claim contained therein, is barred by the applicable statute of limitations, including, but not limited to, California *Code of Civil Procedure* §§ 335.1, 338, 339, 340, 342, 343, and 583.210.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims are barred by the failure of Plaintiff to commence the action within the time required by California *Government Code* §§ 911.2, 911.4, 945.4, 945.6, 950.2, and 950.6.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

/ / /

**NINTH AFFIRMATIVE DEFENSE**

9. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff is estopped by his own acts or omissions from recovery against answering Defendant for the claims asserted in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

10. As a separate and distinct affirmative defense, answering Defendant alleges any injury to Plaintiffs was due to and caused by the negligence and omissions of Plaintiff to care for himself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's alleged damages, if any, contained in the Complaint, were caused by persons and/or entities other than answering Defendant, who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealing with Plaintiff, and that at all times, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of this answering Defendant. Accordingly, any recovery against answering Defendant by Plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other person(s) and/or entities.

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a separate and distinct affirmative defense, answering Defendant alleges that to the extent Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence, and damages, if any, should be reduced in direct proportion to his fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a separate and distinct affirmative defense, answering Defendant alleges the conduct, if any, which is the subject of Plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified. Further all

actions by answering Defendant were in good faith and reasonable.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable for the failure to discharge any mandatory duty in that she exercised reasonable diligence in the discharge of all duties as provided by California *Government Code* § 815.6.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable pursuant to statute by operation of California *Government Code* §§ 818.2 and 821 for the adoption or failure to adopt or enforce any law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable by operation of California *Government Code* § 820.2 for injury resulting from an act or omission where the act or omission was the result of the exercise of the discretion vested in answering Defendant, whether or not such discretion be abused.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable by operation of California *Government Code* § 820.4 for the execution or enforcement of the law by public officers exercising due care.

/ / /

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable by operation of California *Government Code* § 820.6 for injury caused by acts done in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is not liable by operation of California *Government Code* § 820.8, in that the injuries and damages, if any, were caused by the acts or omissions of other persons, and not answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. As a separate and distinct affirmative defense, answering Defendant alleges on or about the time, date, and place alleged in Plaintiff's Complaint, the conduct of Plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant's acts or omissions were discretionary, requiring deliberation, decision and judgment which were done honestly, reasonably and in good faith, and by virtue of which she is immune from liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. As a separate and distinct affirmative defense, answering Defendant alleges all the claims set forth in Plaintiff's Complaint are barred because Plaintiff failed to take reasonable steps to mitigate his damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. As a separate and distinct affirmative defense, answering Defendant

alleges Plaintiff has failed to comply with the California Tort Claims Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. As a separate and distinct affirmative defense, answering Defendant alleges the Complaint, and each claim contained therein, is barred by the doctrines of collateral estoppel and *res judicata*.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims are barred by Plaintiff's failure to comply with the administrative claim provisions of California *Government Code* § 910, et seq.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's action is barred by the failure of Plaintiff to join, in a timely fashion, indispensable and/or necessary parties to this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. As a separate and distinct affirmative defense, answering Defendant alleges the actions of answering Defendant in all respects was reasonable, proper and legal.

### THIRTIETH AFFIRMATIVE DEFENSE

30. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant's conduct did not cause the constitutional violations alleged in Plaintiff's Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. As a separate and distinct affirmative defense, answering Defendant

alleges the conduct alleged in Plaintiff's Complaint did not violate an interest cognizable under 42 U.S.C. § 1983.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims are barred by the doctrine of offset.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims are barred by the doctrine of release.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff does not have standing to sue.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. As a separate and distinct affirmative defense, answering Defendant alleges that the damages, if any, should be in direct proportion to the fault of answering Defendant, if any, as provided by California *Civil Code* §§ 1431 and 1431.5.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. As a separate and distinct affirmative defense, answering Defendant alleges the force used was caused and necessitated by the actions of Plaintiff, and was reasonable and necessary for self-defense and defense of others.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. As a separate and distinct affirmative defense, answering Defendant alleges answering Defendant is immune from liability under the provisions California Statutes, including, but not limited to the following, each of which is set forth as a separate and distinct affirmative defense: California *Government Code* §§ 820, 821.6, 821.8, 822.2, 850.8, 856.2, and 856.4.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. As a separate and distinct affirmative defense, answering Defendant

alleges that she is immune from the claims for relief in Plaintiff's Complaint due to the application of California *Penal Code* § 4015(a).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. As a separate and distinct affirmative defense, answering Defendant alleges she is immune from the claim for relief in Plaintiff's Complaint due to the application of California *Code of Civil Procedure* § 262.1.

### FORTIETH AFFIRMATIVE DEFENSE

40. As a separate and distinct affirmative defense, answering Defendant alleges that under California *Government Code* §§ 815(b), 815.4, and 820.2, a public entity and its employees, officers, and agents are not responsible for injury and damages resulting from the act or omission that was a result of an exercise of discretion vested in such officer, employee, or agent.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims are barred because answering Defendant holds sovereign immunity under the Eleventh Amendment of the United States Constitution.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. As a separate and distinct affirmative defense, answering Defendant alleges she is not liable per the doctrine of assumption of risk.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. As a separate and distinct affirmative defense, answering Defendant alleges Plaintiff's claims are barred because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom, practice, or procedure.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. Answering Defendants alleges she is immune from Plaintiff's causes of action under *Welfare & Institutions Code* §§ 5150, and 5278.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. As a separate and distinct affirmative defense, answering Defendant

alleges the Complaint fails to state sufficient facts to entitle Plaintiff to claims of punitive or exemplary damages from answering Defendant as a matter of law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.  Answering Defendant alleges that in the event that she prevails at trial, or by way of dispositive motion, she will be entitled to recovery of reasonable attorneys' fees and costs under California *Code of Civil Procedure* § 1038 and Title 42 U.S.C. § 1988.

### ADDITIONAL AFFIRMATIVE DEFENSES

47.  Answering Defendants asserts other affirmative defenses may exist as to Plaintiff's Complaint, and answering Defendant does not waive but reserves the right to subsequent defenses.

WHEREFORE, this Answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of his Complaint and that judgment be entered in favor of Answering Defendant;
2. Plaintiff's Complaint be dismissed with prejudice;
3. That Answering Defendant recover costs of suit incurred herein, including reasonable attorney's fees; and

For such other relief as the Court deems proper and just.

DATED: June 5, 2023          HURRELL CANTRALL LLP

By:  */s/ Thomas C. Hurrell*
THOMAS C. HURRELL
ROY GARCIA
Attorneys for Defendants, COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DEPUTY YEN LIU

**DEMAND FOR JURY TRIAL**

Defendant DEPUTY YEN LIU hereby respectfully demands a trial by jury in the above-entitled action.  This demand is made to all claims, matters, and issues to which she may legally be entitled to demand a jury.

DATED:  June 5, 2023              HURRELL CANTRALL LLP

By:     */s/ Thomas C. Hurrell*
        THOMAS C. HURRELL
        ROY GARCIA
        Attorneys for Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DEPUTY YEN LIU

18